Mark L. Pettinari (Cal. Bar No.119293)
LAW OFFICES OF MARK L. PETTINARI
Stock Exchange Tower
155 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-240-4200
Facsimile: 415-240-4202
Email: mlpettinari@mlplawoffices.com

*Attorneys for Defendant and Counterclaimant*
*3Dlabs Inc., Ltd.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUZZYSHARP TECHNOLOGIES INCORPORATED, | ) Case No.: 07-CV-5948-SBA |
| | ) |
| Plaintiff, | ) **ANSWER TO COMPLAINT AND** |
| | ) **COUNTERCLAIM OF 3DLABS INC.,** |
| vs. | ) **LTD.** |
| | ) |
| 3DLABS INC., LTD., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |
| | ) |
| 3DLABS INC., LTD., a Bermuda Corporation, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| FUZZYSHARP TECHNOLOGIES INCORPORATED, a Nevada Corporation, | ) |
| | ) |
| Counter defendant. | ) |
| | ) |

Defendant 3DLABS INC., LTD. (hereinafter "3Dlabs") hereby answers the Complaint of

Plaintiff FUZZYSHARP TECHNOLOGIES INCORPORATED (hereinafter "Plaintiff"), filed

November 26, 2007, as follows:

**JURISDICTION AND VENUE**

1.      3Dlabs admits the allegations set forth in Paragraph 1 of the Complaint.

2.      3Dlabs admits the allegations set forth in Paragraph 2 of the Complaint.

3.      3Dlabs admits the allegations set forth in Paragraph 3 of the Complaint.

4.      3Dlabs denies each and every allegation set forth in Paragraph 4 of the Complaint, except that 3Dlabs admits that it has an office in Milpitas, California within this judicial district.

**INTRADISTRICT ASSIGNMENT**

5.      3Dlabs admits the allegations set forth in Paragraph 5 of the Complaint.

**CAUSES OF ACTION FOR PATENT INFRINGEMENT**

6.      3Dlabs denies each and every allegation set forth in Paragraph 6 of the Complaint, except that it admits that United States Patent No. 6,172,679 (hereinafter "the '679 Patent") was issued by the United States Patent and Trademark Office on January 9, 2001 and that Hong Lip Lim is named on the face of the '679 Patent as the inventor of the patent.

7.      3Dlabs is without information and belief sufficient to enable it to answer the allegations set forth in Paragraph 7 of the Complaint and on that basis 3Dlabs denies each and every allegation set forth in Paragraph 7 of the Complaint, except that it admits that an assignment of the '679 Patent to FuzzySharp Technologies, Inc. was recorded with the United States Patent and Trademark Office on December 26, 2001.

8.      3Dlabs is without information and belief sufficient to enable it to answer the allegations set forth in Paragraph 8 of the Complaint and on that basis 3Dlabs denies each and every allegation set forth in Paragraph 8 of the Complaint.

9.      3Dlabs is without information and belief sufficient to enable it to answer the allegations set forth in Paragraph 9 of the Complaint and on that basis 3Dlabs denies each and every allegation set forth in Paragraph 9 of the Complaint, except that it admits that an assignment of United States Patent No. 6,618,047 to FuzzySharp Technologies, Inc. was recorded with the United States Patent and Trademark Office on December 26, 2001.

10.    3Dlabs is without information and belief sufficient to enable it to answer the allegations set forth in Paragraph 10 of the Complaint and on that basis 3Dlabs denies each and every allegation set forth in Paragraph 10 of the Complaint.

### COUNT ONE

11.    3Dlabs reiterates and incorporates by reference as if fully set forth herein the answers to the allegations of Paragraphs 1 through 10, inclusive.

12.    3Dlabs denies each and every allegation set forth in Paragraph 12 of the Complaint.

### COUNT TWO

13.    3Dlabs reiterates and incorporates by reference as if fully set forth herein the answers to the allegations of Paragraphs 1 through 10 and 12, inclusive.

14.    3Dlabs denies each and every allegation set forth in Paragraph 14 of the Complaint.

As and for affirmative defenses to all claims for relief, answering Defendant alleges:

### FIRST AFFIRMATIVE DEFENSE

15.    The Complaint, and each purported claim for relief (referred to by Plaintiff as "count") contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff's claims against 3Dlabs are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

17.    Plaintiff's claims against 3Dlabs are barred in whole or in part by the doctrines of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

18.    The claims of the '679 Patent are invalid and/or unenforceable against 3Dlabs for failure to comply with the conditions of patentability set forth in Title 35 United States Code sections 102, 103, 112, and/or 116.

**FIFTH AFFIRMATIVE DEFENSE**

19.    The claims of the '047 Patent are invalid and/or unenforceable against 3Dlabs for failure to comply with the conditions of patentability set forth in Title 35 United States Code sections 102, 103, 112, and/or 116.

**SIXTH AFFIRMATIVE DEFENSE**

20.    Some or all of Plaintiff's claims against 3Dlabs are barred under Title 35 United States Code section 273.

**SEVENTH AFFIRMATIVE DEFENSE**

21.    Plaintiff's claims against 3Dlabs for damages and injunctive relief are barred in whole or in part by operation of the applicable statutes, including Title 35 United States Code sections 286 and 287.

**EIGHTH AFFIRMATIVE DEFENSE**

22.    3Dlabs reserves the right to assert additional affirmative defenses, after appropriate discovery.

**COUNTERCLAIM OF 3DLABS INC., LTD.**

Counterclaimant 3Dlabs Inc., Ltd. alleges as follows:

**THE PARTIES**

23.    At all times material hereto, Counterclaimant 3Dlabs Inc., Ltd. (hereinafter "3Dlabs") is and has been a corporation organized under the laws of Bermuda authorized to do business in the State of California and having a place of business in the City of Milpitas within the Northern District of California.

24.    At all times material hereto, Counter defendant FUZZYSHARP TECHNOLOGIES INCORPORATED (hereinafter "FuzzySharp") is a corporation organized under the laws of the State of Nevada and is conducting business within the State of California and in the Northern District of California.

1

## JURISDICTION AND VENUE

2    25.    The claim for declaratory judgment arises from an actual and existing controversy

3    between Counterclaimant 3Dlabs on the one hand and Counter defendant FuzzySharp on the other

4    hand.  The Court has jurisdiction over the claim for declaratory judgment pursuant to Title 28

5    United States Code sections 2201, 2202, and 1338.

6    26.    Venue is proper in this district under Title 28 United States Code section

7    1391(b)(2) in that the events giving rise to the claim for relief alleged in the Counterclaim

8    occurred in this district.

9

## FIRST CLAIM FOR RELIEF

10

### Declaratory Judgment of Invalidity and Noninfringement of the '679 Patent

11    27.    3Dlabs realleges and incorporates by reference as if fully set forth herein each and

12    every allegation set forth in Paragraphs 23 through 26, hereinabove.

13    28.    By its Complaint against 3Dlabs, FuzzySharp alleges that United States Patent No.

14    6,172,679 (hereinafter "the '679 Patent") is valid and directly infringed by 3Dlabs.  3Dlabs

15    contends that it does not infringe any valid claim of the '679 Patent, either directly or indirectly.

16    A justiciable controversy therefore exists between 3Dlabs and FuzzySharp.

17    29.    By its Complaint against 3Dlabs, FuzzySharp alleges that United States Patent No.

18    6,618,047 (hereinafter "the '047 Patent") is valid and directly infringed by 3Dlabs.  3Dlabs

19    contends that it does not infringe any valid claim of the '679 Patent, either directly or indirectly.

20    A justiciable controversy therefore exists between 3Dlabs and FuzzySharp.

21    30.    3Dlabs seeks a declaration that no valid claim of the '679 Patent is infringed by

22    3Dlabs, either directly or indirectly.

23    31.    3Dlabs seeks a declaration that the claims of the '679 Patent are invalid and/or

24    unenforceable against it under Title 35 United States Code sections 102, 103, 112, and/or 116.

25    32.    A judicial declaration is necessary and appropriate at this time so that 3Dlabs may

26    ascertain its rights and duties with respect to the '679 Patent.

27

CIVIL ACTION NO.: 07-CV-5948-SBA                                    5
**ANSWER TO COMPLAINT AND COUNTERCLAIM OF 3DLABS INC., LTD.**
**DEMAND FOR JURY TRIAL**

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity and Noninfringement of the '047 Patent

33.     3Dlabs realleges and incorporates by reference as if fully set forth herein each and every allegation set forth in Paragraphs 23 through 26 and 27 through 32, hereinabove.

34.     By its Complaint against 3Dlabs, FuzzySharp alleges that United States Patent No. 6,618,047 (hereinafter "the '047 Patent") is valid and directly infringed by 3Dlabs.  3Dlabs contends that it does not infringe any valid claim of the '679 Patent, either directly or indirectly. A justiciable controversy therefore exists between 3Dlabs and FuzzySharp.

35.     3Dlabs seeks a declaration that no valid claim of the '047 Patent is infringed by 3Dlabs, either directly or indirectly.

36.     3Dlabs seeks a declaration that the claims of the '047 Patent are invalid and/or unenforceable against it under Title 35 United States Code sections 102, 103, 112, and/or 116.

37.     A judicial declaration is necessary and appropriate at this time so that 3Dlabs may ascertain its rights and duties with respect to the '047 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendant and Counterclaimant 3Dlabs pray for judgment as follows:

1.     That Plaintiff and Counter defendant FuzzySharp take nothing by reason of its Complaint and that judgment be rendered in favor of Defendant and Counterclaimant 3Dlabs on each of claims brought by Plaintiff and Counter defendant FuzzySharp;

2.     A declaration that United States Patent No. 6,172,679 has not been infringed by Defendant and Counterclaimant 3Dlabs;

3.     A declaration that United States Patent No. 6,618,047 has not been infringed by Defendant and Counterclaimant 3Dlabs;

4.     A declaration that some or all of the claims of United States Patent No. 6,172,679 are invalid and/or unenforceable against 3Dlabs;

5.    A declaration that some or all of the claims of United States Patent No. 6,618,047 are invalid and/or unenforceable against 3Dlabs;

6.    That a preliminary and permanent injunction be entered against Plaintiff and Counter defendant FuzzySharp, its agents, employees, representatives, and all other persons acting in concert or privity with it prohibiting it from enforcing, attempting to enforce, or threatening to enforce any claim of the '679 and '047 Patents against 3Dlabs or any entity associated or affiliated with 3Dlabs, including its grandparents, parents, subsidiaries, joint venturers, and customers;

7.    Declare that this is an exceptional case under Title 35 United States Code section 285;

8.    Award 3Dlabs its reasonable attorneys fees, costs, and expenses incurred in this action; and

9.    For such other and further relief as the Court deems reasonable and proper.

Respectfully submitted,

Dated this 25th day of April, 2008.                By:    /s/ Mark L. Pettinari            .
                                                             Mark L. Pettinari

*Attorneys for Defendant and Counterclaimant*
*3Dlabs Inc., Ltd.*

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6, Defendant and Counterclaimant 3Dlabs hereby demands a jury trial of all issues triable to a jury.

Respectfully submitted,

Dated this 25th day of April, 2008.                By:    /s/ Mark L. Pettinari            .
                                                             Mark L. Pettinari

*Attorneys for Defendant and Counterclaimant*
*3Dlabs Inc., Ltd.*