1  David Fink (*pro hac vice*)
   FINK & JOHNSON
2  7519 Apache Plume
   Houston, TX  77071
3  Telephone:  713-729-4991
4  Facsimile:  713-729-4951
   Email:  federallitigation@comcast.net
5
   Duncan M. McNeill (Cal. Bar No. 136416)
6  1514 Van Dyke Avenue
   San Francisco, CA  94124
7  Telephone:  415-752-5063
8  Email:  dmcneill@netzero.net

9  *Attorneys for Plaintiff and Counter defendant*
   *FuzzySharp Technologies, Incorporated*
10

11 Mark L. Pettinari (Cal. Bar No. 119293)
   LAW OFFICES OF MARK L. PETTINARI
12 Stock Exchange Tower
   155 Sansome Street, Suite 400
13 San Francisco, CA  94104
   Telephone:  415-240-4200
14 Facsimile:  415-240-4202
   Email: mlpettinari@mlplawoffices.com
15

16 *Attorneys for Defendant and Counterclaimant*
   *3Dlabs Inc., Ltd.*
17

18              **IN THE UNITED STATES DISTRICT COURT**

19            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

20 | FUZZYSHARP TECHNOLOGIES | ) Case No.: 07-CV-5948-SBA |
21 | INCORPORATED,          | )                            |
   |                         | ) **JOINT CASE MANAGEMENT** |
22 |         Plaintiff,      | ) **CONFERENCE STATEMENT**  |
   |                         | )                            |
23 |       vs.               | ) Date:  July 30, 2008      |
   |                         | ) Time:  3:15 p.m.          |
24 | 3DLABS INC., LTD.,      | ) Courtroom:  Telephone     |
25 |                         | )                            |
   |         Defendant.      | ) The Honorable Saundra Brown Armstrong |
26

27

CIVIL ACTION NO.:  07-CV-5948-SBA                                                     1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| 3DLABS INC., LTD., a Bermuda Corporation, | ) ) |
| Counterclaimant, | ) ) ) |
| vs. | ) ) |
| FUZZYSHARP TECHNOLOGIES INCORPORATED, a Nevada Corporation, | ) ) ) ) |
| Counter defendant. | ) ) ) |

Plaintiff and Counter defendant FuzzySharp Technologies Incorporated ("FST") and Defendant and Counterclaimant 3Dlabs Inc., Ltd. ("3Dlabs") hereby submit the following Joint Case Management Conference Statement pursuant to Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

**1.      Jurisdiction**

The Court has subject matter jurisdiction over FST's claims for patent infringement pursuant to Title 28 United States Code sections 1331 and 1338(a). The Court has subject matter jurisdiction over 3Dlabs's declaratory judgment counterclaims of non-infringement and invalidity pursuant Title 28 United States Code sections 1331, 1338(a), 2201, and 2202. The parties do not dispute personal jurisdiction and venue in this district. No parties remain to be served.

**2.      Facts**

FST filed the Complaint in this case against 3Dlabs on November 26, 2007, alleging that 3Dlabs infringed both U.S. Patent No. 6,172,679, and U.S. Patent No. 6,618,047. The Complaint seeks damages, interest and costs, and such other relief as the Court deems proper.

3Dlabs filed its Answer on April 25, 2008. 3Dlabs denies that it infringes the patents in suit, contends that the patents in suit are invalid and/or unenforceable pursuant to Title 35 United States Code sections 102, 103, 112, and/or 116. 3Dlabs also filed a Counterclaim seeking a declaratory judgment that each of the patents in suit are not infringed by 3Dlabs and are invalid and/or unenforceable against 3Dlabs pursuant to 35 United States Code sections 102, 103, 112,

and/or 116.  Both parties contend that this is an exceptional case under Title 35 United States Code section 285 and seek attorneys' fees and costs, and such further relief as the Court deems proper.  FST has filed its Answer to the Counterclaim denying that 3Dlabs is entitled to the relief for which it prays.

**3.     Legal Issues**

The following legal issues are in dispute:

- The proper construction of the relevant claims of the asserted patent;
- Whether any of the accused 3Dlabs products infringe any of the asserted claims;
- Whether the asserted claims are invalid and/or unenforceable against 3Dlabs pursuant to Title 35 United States Code sections 102, 103, 112, and/or 116;
- Whether FST is entitled to any damages, and if so, the amount of such damages;
- Whether this case is an exceptional case within the meaning of Title 35 United States Code section 285;
- Whether some or all of FST's claims against 3Dlabs are barred under Title 35 United States Code section 273;
- Whether FST's claims for damages and injunctive relief are barred in whole or in part by operation of Title 35 United States Code sections 286 and 287; and
- Whether FST is barred from enforcing its patents against 3Dlabs under the doctrines of implied license, patent exhaustion, laches, waiver, and/or estoppel.

**4.     Motions**

No motions have been filed, other than motions filed by FST relating to scheduling. 3Dlabs expects to file dispositive motions on the issues of infringement and/or validity, as well as a summary judgment motion on the issue of damages.

**5.     Amendment of Pleadings**

At this stage of the case, neither party expects to seek leave to amend their pleadings to join additional parties or to add any claims or defenses.

/ /

### 6. Evidence Preservation

The parties agree to preserve evidence relevant to the issues reasonably evident in this action, including evidence in electronic form.

### 7. Disclosures

The parties anticipate exchanging initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure 14 days after the Initial Case Management Conference, or on August 13, 2008, whichever is later.

### 8. Discovery

There has been an informal exchange of limited information between the parties. Based on the information provided by 3Dlabs, FST believes that an early resolution is likely. No formal discovery has been taken to date.

FST proposes the following limitations on discovery:

| | |
|---|---|
| Interrogatories: | 25 per party |
| Document Requests: | 25 per party |
| Requests for Admissions: | 50 per party |
| Depositions: | 5 fact witnesses per party |

3Dlabs does not agree with any limitations on discovery beyond the limitations required by the Federal Rules of Civil Procedure and/or Civil Local Rules of this District. Accordingly, 3Dlabs proposes the following limitations on discovery:

| | |
|---|---|
| Interrogatories: | 25 per party |
| Document Requests: | None |
| Requests for Admissions: | None |
| Depositions: | 10 fact witnesses plus expert witnesses |

A proposed schedule setting forth various case and discovery deadlines is set forth herein at Paragraph 17.

For the purposes of convenience, the parties agree, at the time of service of all discovery, to informally serve their discovery requests and responses via email and to provide one another

with a word processing file of any requests and responses thereto that are served.  The parties do not agree that service of discovery requests or responses thereto shall be made via email.  Rather formal service of discovery requests and responses thereto shall be by United States Postal Service First Class Mail or Overnight Courier Service, as chosen by the serving party.

**9.     Class Actions**

Not applicable to this case.

**10.    Related Cases**

There are no open or pending related cases.

**11.    Relief**

FST's Complaint seeks a judgment; damages; interest and costs; and such other relief as the Court may deem proper.

3Dlabs's Counterclaim for declaratory judgment seeks a judgment on noninfringement and invalidity and/or unenforceability of the patents in suit; costs and fees; and such other relief as the Court may deem proper.

Should liability be established, the basis of any damages will be a reasonable royalty assessed against the sales of the infringing products.

**12.    Settlement and ADR**

The parties have informally discussed settlement, but have not been able to resolve the matter at this time.  FST believes an early settlement conference with a Judge or Magistrate Judge in this District should resolve the case.  3Dlabs remains open to settlement and does not oppose having a settlement conference with a Judge or Magistrate Judge of this District, but believes that no such conference should occur prior to this Court issuing its ruling on claim construction of the patents in suit.

**13.    Consent to Magistrate Judge for All Purposes**

FST does not consent to a magistrate judge for trial and entry of judgment.

/ /

/ /

**14. Other References**

Arbitration, whether binding or not, is not applicable to this case. Further, the parties agree that this case is not suitable for transfer to a special master, or to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

At this time, the parties have no suggestions or proposals that may result in a narrowing of any of the issues.

**16. Expedited Schedule**

As a patent case, this action is subject to the schedule provided for in the Patent Local Rules for the Northern District of California. The parties propose the schedule set forth in Paragraph 17 for the Court's consideration.

**17. Scheduling**

| Event | Parties' Proposal |
|---|---|
| Parties to exchange initial disclosures | August 13, 2008 or 14 days following the Initial Case Management Conference, whichever is later. |
| FST's Disclosure of Asserted Claims and Preliminary Infringement Contentions (Patent L.R. 3-1) and Accompanying Document Production (Patent L.R. 3-2) | August 5, 2008 |
| 3Dlabs's Preliminary Invalidity Contentions (Patent L.R. 3-3) and Accompanying Document Production (Patent L.R. 3-4) | September 19, 2008 |
| Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | September 26, 2008 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | October 9, 2008 |

| Event | Parties' Proposal |
|---|---|
| Joint Claim Construction Statements (Patent L.R. 4-3) | November 19, 2008 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | November 28, 2008 |
| FST's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | January 2, 2009 |
| 3Dlabs's Opposing Claim Construction Brief (Patent L.R. 4-5(b)) | January 16, 2009 |
| FST's Reply Claim Construction Brief (Patent L.R. 4-5(c)) | January 23, 2009 |
| Claim Construction Hearing (Patent L.R. 4-6) | February 6, 2009* |
| Further CMC after Claim Construction Ruling is issued | To be determined after claim construction ruling* |
| FST's Final Infringement Contentions (Patent L.R. 3-6(a)) | March 9, 2009 or 30 days after claim construction ruling, whichever is later |
| 3Dlabs's Final Invalidity Contentions (Patent L.R. 3-6(b)) and) and production of Willfulness Opinions (Patent L.R. 3-8) | March 30, 2009 or 50 days after claim construction ruling, whichever is later |
| Fact Discovery Cut-off | 180 days after claim construction ruling |
| Opening Expert Reports on issues for which a party has the burden of proof | 30 days after fact discovery cut-off |

| Event | Parties' Proposal |
|---|---|
| Rebuttal Expert Reports | 30 days after exchange of opening expert reports |
| Expert Discovery Cut-off | 30 days after exchange of rebuttal expert reports |
| Last day to file Dispositive Motions | December 8, 2009* |
| Last day for hearing Dispositive Motions | (not later than 120 days before trial) |
| Final Pretrial Conference | April 19, 2010* |
| Trial | May 17, 2010* |

* Subject to the Court's availability

**18.   Trial**

Both parties have demanded a jury trial. Thus, all issues in the case that can be tried to a jury will be tried to a jury. The parties anticipate a jury trial of this action to last 10 court days.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Both parties have filed a Certification of Interested Entities or Persons pursuant to Local Rule 3-16.

FST, pursuant to Civil Local Rule 3-16, certified that FuzzySharp Technologies, Incorporated has no parent corporation and that no publicly held corporation owns more than ten percent of the stock of FuzzySharp Technologies, Incorporated. FST further certified that there are no persons, associations of persons, firms, partnerships, corporations, or other entities that: (1) have a financial interest in the subject matter in controversy, or in a party of the proceeding; or

(2) have a non-financial interest in the subject or in a party, that could substantially [be] affected by the outcome of this proceeding.  Document 17 of the Court Docket.

    3Dlabs, pursuant to Civil Local Rule 3-16, certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

> Creative Technology Ltd., a Singapore corporation, is the parent corporation of Defendant and Counterclaimant 3Dlabs Inc., Ltd.  3Dlabs Inc., Ltd. is a wholly owned subsidiary of Creative Technology Ltd.

Documents 14 and 15 of the Court Docket.

**20.  Additional Items**

    The parties have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

    Pursuant to Rules 26(f)(1) and (2) of the Federal Rules of Civil Procedure, regarding the timing of initial disclosures and discovery, the parties propose to adopt the schedule set forth hereinabove at Paragraph 17, and the limitations, if any, that are set forth in Paragraph 8 and adopted by the Court.  The parties do not anticipate any phasing of discovery.

    Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, the parties agree to produce materials electronically on CD or DVD where feasible.

    Pursuant to Rules 26(f)(4) and (6) of the Federal Rules of Civil Procedure, the parties have agreed upon a Stipulated Protective Order and have submitted it to the Court for signature.  Document 9 of the Court Docket.  The Stipulated Protective Order executed by counsel and filed with the Court includes a provision addressing inadvertently produced privileged materials.

/ /

Pursuant to Rule 26(f)(5) of the Federal Rules of Civil Procedure, the parties have proposed separate discovery limitations set forth in Paragraph 8 that require the Court resolve at or following the Initial Case Management Conference.

                Respectfully submitted,

                FINK & JOHNSON

Dated this 21st day of July, 2008.    By:  /s/ David Fink
                                                          David Fink

*Attorneys for Plaintiff and Counter defendant FuzzySharp Technologies, Incorporated*

                LAW OFFICES OF MARK L. PETTINARI

Dated this 21st day of July, 2008.    By:  /s/ Mark L. Pettinari
                                                          Mark L. Pettinari

*Attorneys for Defendant and Counterclaimant 3Dlabs Inc., Ltd.*

## **ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, David Fink, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 21, 2008 at Houston, Texas.

                                      By:  /s/ David Fink
                                                  David Fink