1  Jonathan D. Baker (CSB No.: 196062)
   jonathan.baker@dechert.com
2  DECHERT LLP
   2440 W. El Camino Real, Suite 700
3  Mountain View, California 94040
   Telephone:    (650) 813-4800
4  Facsimile:    (650) 813-4848

5  *Attorneys for Defendant and Counterclaimant*
   *3DLabs Inc., Ltd.*

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

11  FUZZYSHARP TECHNOLOGIES              Case No. C07-CV-5948-SBA
    INCORPORATED,
12
                                        **3DLABS' REPLY IN SUPPORT OF ITS**
13              Plaintiff,               **MOTION FOR SUMMARY JUDGMENT**
                                         **OF INVALIDITY UNDER 35 U.S.C. § 101**
14        v.                            **FOR NON-PATENTABLE SUBJECT**
                                         **MATTER**
15  3DLABS INC., LTD.,

16              Defendant.
                                        The Honorable Saundra Brown Armstrong
17
    3DLABS INC., LTD.,                  Date:       December 15, 2009
18                                      Time:       1:00 p.m.
                Counterclaimant,        Courtroom:  Courtroom 1, 4th Floor
19                                      Judge:      Hon. Saundra Brown Armstrong
          v.
20
    FUZZYSHARP TECHNOLOGIES
21  INCORPORATED,

22              Counter-Defendant.

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

3DLABS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
OF INVALIDITY UNDER 35 U.S.C. § 101 FOR NON-PATENTABLE SUBJECT
MATTER; CASE NO.: C07-CV-5948-SBA

13641957

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ....................................................................................................... 2

    A.    FST Has Failed To Show That A Claim Construction Dispute Precludes Entry Of Summary Judgment ................................................. 2

    B.    The References To A "Computer" And "Computer Storage" Do Not Tie The Claims To A Particular Machine ............................................. 2

    C.    The USPTO Interim Examination Instructions Confirm That The Claims Are Invalid ...................................................................................... 4

    D.    The Previously Agreed Upon Claim Constructions Do Not Show That The Claims Are Tied To A Particular Machine ...................................... 5

    E.    FST Has Failed To Show That The Recitation Of "Computer" And "Computer Storage" Impose Any Meaningful Limit On Claim Scope ................ 5

    F.    FST Fails To Show That The "Computer" And "Computer Storage" Provide More Than Merely Insignificant Extra-Solution Activity ........................ 6

    G.    FST Concedes That The Court Should Rule On This Motion Under The Federal Circuit's *Bilski* Test Rather Than Waiting For The Supreme Court's Decision In The Pending Appeal ................................................. 7

III.    CONCLUSION ................................................................................................... 7

Dechert LLP
Attorneys At Law
Silicon Valley

3DLabs' Reply In Support Of Its Motion for Summary Judgment
of Invalidity Under 35 U.S.C. § 101 for Non-Patentable Subject
Matter; Case No.: C07-CV-5948-SBA

i

13641957

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*In re Bilski,*
    545 F.3d 943 (Fed. Cir. 2008).................................................................... 1, 2, 3, 4, 5, 6, 7

4

*CyberSource Corp. v. Retail Decisions, Inc.,*
    620 F. Supp.2d 1068 (N.D. Cal. 2009) ...................................................................... 2, 3, 6

5

6

*DealerTrack v. Huber, No. CV 06-2335,*
    2009 U.S. Dist. LEXIS 58125 (C.D. Cal. July 7, 2009) ...................................................... 3

7

*Diamond v. Diehr,*
    450 U.S. 175 (1981)............................................................................................................ 2

8

9

*Ex Parte Langemyr,*
    No. 2008-1495, 2008 Pat. App. LEXIS 13 (Bd. Pat. App. & Interf. May 28, 2008) ......... 6

10

*Ex Parte Mitchell,*
    No. 2008-2012, 2009 WL 460662 (Bd. Pat. App. & Interf. Feb. 23, 2009)...................... 3

11

12

*Ex Parte Myr,*
    No. 2009-005949, 2009 WL 3006497 (Bd. Pat. App. & Interf. Sept. 18, 2009)............... 3

13

*Ex Parte Nawathe,*
    No. 2007-3360, 2009 WL 327520 (Bd. Pat. App. & Interf. Feb. 9, 2009) ........................ 3

14

15

*In re Schrader,*
    22 F.3d 290 (Fed. Cir. 1994)............................................................................................. 6

16

**STATUTES**

17

35 U.S.C. § 101...................................................................................................... 1, 2, 3, 4, 7

18

19

20

21

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

3DLABS' MPAS ISO ITS MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY UNDER 35 U.S.C. § 101 FOR NON-PATENTABLE
SUBJECT MATTER;  CASE NO.: C07-CV-5948-SBA

ii

13641957

1   **I.      INTRODUCTION**

2          As explained in 3DLabs Inc., Ltd.'s ("3DLabs") motion for summary judgment, the

3   asserted method claims impermissibly seek to claim patent protection for an abstract

4   mathematical algorithm, and are therefore invalid under 35 U.S.C. § 101 for failure to satisfy the

5   Federal Circuit's machine-or-transformation test set forth in *Bilski*.  FuzzySharp Technologies,

6   Inc. ("FST") concedes in its opposition brief that the asserted claims fail to satisfy the

7   transformation prong of the machine-or-transformation test, and argues for patentability solely

8   under the machine prong.  *See* FST Br. at 9.  Thus, the only issue remaining for the Court to

9   decide is whether the asserted claims satisfy the machine prong of the *Bilski* test.[1]

10         As explained in detail below, FST's brief repeatedly relies on a fundamental

11  misunderstanding of the machine prong of *Bilski's* test for patentability.  Contrary to FST's

12  arguments, the relevant question is not whether the claims are tied to a "computer," but rather

13  whether the claims are tied to "a *particular* machine."  As the numerous authorities cited by

14  3DLabs hold, the recitation of a general purpose computer fails to tie a claim to a particular

15  machine.  Moreover, even if the reference to a general purpose computer were sufficient to tie the

16  claims to a particular machine, those claims are still not patentable because the claimed algorithm

17  has no practical use except in connection with a computer, and therefore the recitation of a

18  computer fails to impose any meaningful limit on the claim scope.  None of FST's arguments

19  alter the fact that the asserted claims fail to tie the claims to a *particular* machine, and the

20  recitation of a "computer" fails to impose any meaningful limit on the claim scope.  Indeed,

21  FST's failure to cite to ***any*** case authority in support of its position is quite telling.

22         For the reasons set forth below, the Court should reject FST's arguments[2] and grant

23  3DLabs' motion for summary judgment of invalidity under 35 U.S.C. § 101.

24  _____

25  [1] FST has asserted claims 1, 4, and 5 of U.S. Patent No. 6,172,679 and claims 1 and 12 of U.S.
    Patent No. 6,618,047.

26  [2]   The Court need not even consider FST's arguments because FST filed its brief after the
    deadline ordered by the Court (despite having had three months to prepare its brief), and FST has
    failed to provide good cause for its untimely filing.  *See* Doc. No. 78 (setting deadline of

27  November 2, 2009 for responses to motion filed on August 5, 2009); Doc. No. 80 (filing brief at
    3:29pm on November 3, 2009).

28

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

3DLABS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
OF INVALIDITY UNDER 35 U.S.C. § 101 FOR NON-PATENTABLE SUBJECT
MATTER; CASE NO.: C07-CV-5948-SBA

1

13641957

1  **II.     ARGUMENT**[3]

2       **A.     FST Has Failed To Show That A Claim Construction Dispute Precludes
                Entry Of Summary Judgment**

3

4       FST suggests that the Court cannot rule on 3DLabs' motion for summary judgment until

5  the conclusion of claim construction because there are claim terms in dispute.  *See* FST Br. at 2-3.

6  However, 3DLabs' motion for summary judgment does not turn on the construction of any

7  disputed claim term.  Indeed, while FST indicates that there are claim terms in dispute, FST fails

8  to explain how the dispute over any claim term affects the resolution of the present motion.

9  Contrary to FST's argument, the Court need not wait until the conclusion of claim construction to

10 rule on the present motion.  *See CyberSource Corp. v. Retail Decisions, Inc.*, 620 F. Supp.2d

11 1068, 1073 (N.D. Cal. 2009) ("In this case, ruling on defendant's section 101 motion does not

12 require that the claims actually be construed.").

13      **B.     The References To A "Computer" And "Computer Storage" Do Not Tie The
                Claims To A Particular Machine**

14

15      FST argues that the references to a "computer," "computer storage" and other similar

16 language in the asserted claims show that the claims are "tied to a computer."[4]  *See* FST Br. at 4-

17 5.  However, FST's argument misses the mark because the question is not whether the claims are

18 tied to a *computer*.  Rather, the question is whether the claims are "tied to *a particular machine*."

19 _____

20 [3]  FST accuses 3DLabs of violating this Court's standing order by including a section entitled
   "Statement Of Facts" in 3DLabs' motion for summary judgment.  FST Br. at 2.  FST alleges that

21 this section constitutes a unilateral statement of undisputed facts, whereas this Court's standing
   order requires that a statement of undisputed facts must be submitted jointly.  However, 3DLabs

22 never asserted or implied that this section of its brief constituted a statement of undisputed facts.
   Instead, this section merely provides a brief summary of the relevant facts from 3DLabs'

23 perspective.  Moreover, validity under § 101 is a question of law, and FST has failed to explain
   how any disputed fact would preclude entry of summary judgment here.

24 [4]  It should be noted that claim 1 of the '047 patent does not even recite a "computer" or any other
   machine, and therefore cannot possibly be "tied to a particular machine" as required by *Bilski*.

25 Significantly, FST does not identify any language in claim 1 that shows that this claim is tied to a
   machine or apparatus.  Moreover, the reference in claim 1 to using the invention in the field of

26 "3-D computer graphics" cannot save the claim because it is well established that limiting the
   claim a particular field of use does not render a claim patentable under § 101.  *See Diamond v.*

27 *Diehr*, 450 U.S. 175, 191 (1981) ("A mathematical formula as such is not accorded the protection
   of our patent laws, and this principle cannot be circumvented by attempting to limit the use of the

28 formula to a particular technological environment.") (internal citation omitted).

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

3DLABS' MPAS ISO ITS MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY UNDER 35 U.S.C. § 101 FOR NON-PATENTABLE            2
SUBJECT MATTER; CASE NO.: C07-CV-5948-SBA

13641957

1    *See In re Bilski*, 545 F.3d 943, 961-62 (Fed. Cir. 2008) ("[A]n applicant may show that a process

2    claim satisfies § 101 either by showing that his claim is tied to *a particular machine*, or by

3    showing that his claim transforms an article.") (emphasis added).  As explained in 3DLabs'

4    opening brief, the federal courts and the U.S. Patent & Trademark Office Board of Patent Appeals

5    and Interferences ("USPTO Board") have repeatedly held that the mere recitation of a "computer"

6    or similar language does ***not*** tie a patent claim to a particular machine as required by *Bilski*.  *See*

7    *DealerTrack v. Huber*, No. CV 06-2335, 2009 U.S. Dist. LEXIS 58125, at *12-13 (C.D. Cal. July

8    7, 2009); *CyberSource*, 620 F. Supp. 2d at 1076-78; *Ex Parte Nawathe*, No. 2007-3360, 2009 WL

9    327520, at *4 (Bd. Pat. App. & Interf. Feb. 9, 2009); *Ex Parte Mitchell*, No. 2008-2012, 2009 WL

10   460662, at *6 (Bd. Pat. App. & Interf. Feb. 23, 2009).  Significantly, FST fails to even address

11   these cases in its opposition brief.[5]

12          Moreover, additional decisions issued since 3DLabs filed its motion for summary

13   judgment have continued to reach the same conclusion.  For example, in *Ex Parte Myr*, No. 2009-

14   005949, 2009 WL 3006497 (Bd. Pat. App. & Interf. Sept. 18, 2009), the patent at issue claimed a

15   "computer-implemented" algorithm for determining a value for real estate property.  See *Myr*,

16   2009 WL 3006497 at *1, *9.  The Board found that "while the phrase ["computer-implemented"]

17   ties the claimed process to a computer per se, it does not tie the process to any particular

18   computer."  *Id*. at *9.  Thus, the Board held that the claimed method was not patentable under

19   § 101, for an algorithm alone is not patentable, and claims that are merely tied to a general-

20   purpose computer are not tied to a particular computer as required by *Bilski*.  *See id*. at *9-10.

21   Similarly, in the present case, the asserted claims are merely tied to a general purpose computer,

22   _____

23   [5]   Instead of responding to the merits of 3DLabs cited authority, FST offers two meager
     responses.  First, FST incorrectly asserts that "[e]very Court case cited by 3DLabs for the legal

24   standard was decided many years before the patents-in-suit issued."  On the contrary, 3DLabs
     discussed one Federal Circuit case and three district court cases interpreting *Bilski* that were

25   decided as recently as 2008 and 2009.  Second, FST attempts to dispense with the need to address
     any of the USPTO Board cases cited by 3DLabs by arguing that the decisions of the USPTO

26   Board of Patent Appeals and Interferences "have no weight in the District Court."  FST Br. at 7.
     However, as other district courts have recognized, decisions of the Board are persuasive authority

27   and have been cited approvingly by other district courts dealing with this same § 101 issue.  *See,
     e.g., DealerTrack*, 2009 U.S. Dist. LEXIS 58125 at *10-11 (citing three USPTO Board decisions

28   in support of its ruling).

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

3DLABS' MPAS ISO ITS MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY UNDER 35 U.S.C. § 101 FOR NON-PATENTABLE
SUBJECT MATTER; CASE NO.: C07-5948-SBA

3

13641957

1   not a particular computer.  Accordingly, the asserted claims are not patentable under the machine

2   prong of the *Bilski* test.

3       **C.     The USPTO Interim Examination Instructions Confirm That The Claims
                 Are Invalid**

4

5       FST argues that the USPTO's *Interim Examination Instructions For Evaluating Subject*

6   *Matter Patentability Under 35 U.S.C. § 101* show that the asserted claims are valid.  *See* FST Br.

7   at 7-8.  In making this argument, however, FST relies on a mischaracterization of the Instructions.

8   As explained below, the Instructions simply restate the same patentability test set forth in *Bilski*,

9   and therefore confirm the invalidity of the asserted claims.[6]

10      FST incorrectly asserts that the Instructions ask whether the "claim is tied to a machine."

11  FST Br. at 7.  In fact, what the instructions ask is whether the "claim require[s] that the method be

12  implemented by a *particular* machine."  *See* FST Br., Ex. A at 10 (emphasis added).  Similarly,

13  FST incorrectly asserts that the Instructions ask whether the "claim is limited by the machine."

14  FST Br. at 7.  Again, what the Instructions actually ask is whether "the use of the particular

15  machine impose[s] a *meaningful* limit on the claim's scope."  *See* FST Br., Ex. A at 10 (emphasis

16  added).  FST's omission of the words "particular machine" and "meaningful limit" from its

17  recitation of the Instructions is significant because the asserted claims fail to satisfy either of these

18  key requirements.

19      Indeed, when the Instructions are properly applied, they confirm that the asserted claims

20  are invalid under § 101.  Specifically, the flow chart in the Instructions begins by asking whether

21  "the claim require[s] that the method be implemented by a particular machine."  *See* FST Br., Ex.

22  A at 10.  As explained above and in 3DLabs' motion for summary judgment, the asserted claims

23

_____

24  [6]  As an initial matter, it is not clear that the Court should rely on the Interim Examination
    Instructions given their nature and status.  These Instructions were issued to provide temporary

25  guidance to patent examiners when evaluating subject matter eligibility under § 101 pending a
    final decision from the Supreme Court in the *Bilski* appeal.  *See* FST Br., Ex. A at 1.  Moreover,

26  the Instructions caution that "[t]hese examination instructions *do not constitute substantive*
    *rulemaking* and hence *do not have the force and effect of law.  See id.* (emphasis added).

27  Therefore, unlike decisions of the Board of Patent Appeals and Interferences, it is not clear that
    these Instructions should be given any weight in this proceeding.

28

Dechert LLP
Attorneys At Law
Silicon Valley

3DLabs' MPAs ISO Its Motion for Summary Judgment of
Invalidity Under 35 U.S.C. § 101 for Non-Patentable
Subject Matter; Case No.: C07-CV-5948-SBA

4

13641957

1  do not require that the methods be implemented by a particular machine, because the claims

2  merely refer to a general purpose computer.  Since the claims do not require that the method be

3  implemented by a particular machine, the flow chart next asks whether the "claim require[s] that

4  the method particularly transform a particular article."  *See* FST Br., Ex. A at 10.  FST concedes

5  that the asserted claims do not particularly transform a particular article (FST Br. at 9), and

6  therefore, according to the Instructions, the asserted claims are not patent eligible.  Additionally,

7  even if the Court were to find that the asserted claims are tied to a "particular machine" in the first

8  step of the analysis, the flow chart then asks whether "the use of the particular machine impose[s]

9  a meaningful limit on the claim's scope" and whether "the use of the machine involve[s] more

10 than insignificant extra-solution activity."  *See* FST Br., Ex. A at 10.  As detailed in 3DLabs'

11 motion for summary judgment and as further explained below, references to the use of a

12 "computer" and "computer storage" in the asserted claims do not impose meaningful limits on the

13 scope of the claims and further constitute insignificant extra-solution activity.  Thus, according to

14 the flow chart set forth in the Instructions, the asserted claims are not patentable subject matter.

15
16
      **D.**    **The Previously Agreed Upon Claim Constructions Do Not Show That The Claims Are Tied To A Particular Machine**

17       FST argues that 3DLabs previously agreed to claim constructions using the terms

18 "computer," "computer screen," and "computer storage," and therefore, 3DLabs must have

19 concluded that the asserted claims are tied to a computer.  *See* FST Br. at 8.  However, even if the

20 claims were "tied to a computer" as asserted by FST, that does not make the claims patentable

21 under *Bilski* because the claims must be tied to a *particular* machine.  *See Bilski*, 545 F.3d at 961.

22 As explained above and in 3DLabs' motion for summary judgment, a claim that is merely tied to

23 a general purpose computer is not tied to a particular machine, and therefore fails to satisfy the

24 machine prong of the *Bilski* test.

25
26
      **E.**    **FST Has Failed To Show That The Recitation Of "Computer" And "Computer Storage" Impose Any Meaningful Limit On Claim Scope**

27       FST appears to argue that the recitation of "computer" and "computer storage" imposes a

28 meaningful limit on the claim scope because the use of a computer is an important part of the

Dechert LLP
Attorneys At Law
Silicon Valley

3DLabs' MPAs ISO Its Motion for Summary Judgment of
Invalidity Under 35 U.S.C. § 101 for Non-Patentable
Subject Matter; Case No.: C07-CV-5948-SBA

5

13641957

1   claimed invention as evidenced by the claim constructions previously accepted by 3DLabs.  *See*

2   FST Br. at 8-9.  However, the question is not whether the use of the computer is an important part

3   of the invention.  Rather, the question is whether the use of a computer imposes a meaningful

4   limit on the scope of the claim, especially when the claimed algorithm does not have any practical

5   use other than on a computer.  *See Bilski*, 545 F.3d at 955 ("[T]he limitations tying the process to

6   a computer were not actually limiting because the fundamental principle at issue, a particular

7   algorithm, had no utility other than operating on a digital computer.").  As explained in 3DLabs'

8   motion for summary judgment, district court and USPTO Board decisions addressing this issue

9   have concluded that the mere recitation of a general purpose computer to perform mathematical

10  algorithms fails to impose meaningful limits on claim scope as required by *Bilski*.  *See, e.g.,*

11  *CyberSource*, 620 F. Supp. 2d at 1077-78; *Ex Parte Langemyr*, No. 2008-1495, 2008 Pat. App.

12  LEXIS 13, at *29 (Bd. Pat. App. & Interf. May 28, 2008).

13          **F.    FST Fails To Show That The "Computer" And "Computer Storage"
                    Provide More Than Merely Insignificant Extra-Solution Activity**
14

15          FST argues that the claim language, as well as the claim constructions to which 3DLabs

16  previously agreed, show that the computer and computer storage provide more than merely

17  insignificant extra-solution activity.  *See* FST Br. at 9.  However, contrary to FST's arguments,

18  using a computer to store data in computer storage constitutes merely an insignificant extra-

19  solution activity that is insufficient to impart patentability on a process under *Bilski*.  *See In re*

20  *Schrader*, 22 F.3d 290, 294 (Fed. Cir. 1994) (holding a simple recordation step in the middle of

21  the claimed process incapable of imparting patent-eligibility under § 101) (cited approvingly in

22  *Bilski*, 545 F.3d at 957 n.14); *Langemyr*, 2008 Pat. App. LEXIS 13, at *48-49 (holding that

23  recitation of "storing said input data . . . in a memory of the computer system" is insufficient to

24  render the claim patentable).  Allowing data storage or recordation steps to transform an

25  unpatentable mathematical algorithm into a patentable process "exalts form over substance" and

26  is prohibited by *Bilski*.  *See Bilski*, 545 F.3d at 957.  FST fails to offer any contrary authority.

27

28

Dechert LLP
Attorneys At Law
Silicon Valley

3DLabs' MPAs ISO Its Motion for Summary Judgment of
Invalidity Under 35 U.S.C. § 101 for Non-Patentable
Subject Matter; Case No.: C07-CV-5948-SBA                6

13641957

1

**G.     FST Concedes That The Court Should Rule On This Motion Under The Federal Circuit's *Bilski* Test Rather Than Waiting For The Supreme Court's Decision In The Pending Appeal**

2

3       FST appears to agree with 3DLabs that the Court should decide the present motion based

4   on the Federal Circuit's decision in *Bilski* rather than waiting for the Supreme Court to resolve the

5   pending appeal.  *See* FST Br. at 10.  Accordingly, 3DLabs respectfully requests that the Court

6   decide the present motion under the standard set forth by the Federal Circuit in *Bilski*.

7   **III.     CONCLUSION**

8       For all of the foregoing reasons, 3DLabs respectfully requests that the Court grant

9   3DLabs' motion for summary judgment of invalidity under 35 U.S.C. § 101.

10

11   Dated: November 9, 2009                    DECHERT LLP

12

13                                              By: /s/ Jonathan D. Baker
                                                    Jonathan D. Baker
14                                                  Dechert LLP
                                                    2440 W. El Camino Real, Suite 700
15                                                  Mountain View, CA 94040-1499
                                                    Telephone: (650) 813-4800
16                                                  Facsimile: (650) 813-4848

17                                              *Attorneys for Defendant and Counterclaimant 3DLABS INC., LTD.*

18

19

20

21

22

23

24

25

26

27

28

Dechert LLP
Attorneys At Law
Silicon Valley

3DLabs' MPAs ISO Its Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 for Non-Patentable Subject Matter; Case No.: C07-CV-5948-SBA

7

13641957